IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Larry Eugene Westcott <br><br> and <br><br> Connie Jeanette Westcott, <br><br> Plaintiffs, <br><br> vs. <br><br> Equifax Information Services, LLC, <br><br> Serve Registered Agent at: <br> CSC – Lawyers Incorporating Service Co. <br> 221 Bolivar Street <br> Jefferson City, MO 65101 <br><br> Defendant. | Case No. 5:17-cv-06113 |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Larry Eugene Westcott and Connie Jeanette Westcott, by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in their Complaint for Damages state and allege to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumers Larry Eugene Westcott and Connie Jeanette Westcott against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

1

2. Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

3. Larry Eugene Westcott and Connie Jeanette Westcott, (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Missouri.

4. Defendant Equifax Information Services, LLC, hereafter ("**Defendant**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On October 23, 2012, Plaintiffs filed a Chapter 13 Bankruptcy in the Western District of Missouri, Case No. 12-50777-can13.

6. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines was entered on October 23, 2012 showing JPMorgan Chase Bank ("Chase") was sent notice of Plaintiffs' bankruptcy.

7. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

8. Plaintiff had a mortgage with Chase to be paid through their Chapter 13 plan payments.

9. The mortgage was excepted from Plaintiffs' discharge.

10. The pertinent page of Plaintiffs' Chapter 13 Plan is attached as Exhibit B.

11. On or about February 2, 2015, Chase transferred servicing to M&T Bank.

12. Notice of Transfer of Claim is attached as Exhibit C.

13. Plaintiffs received their discharge on January 6, 2017.

14. The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on January 8, 2017, showing M&T Bank was sent notice of Plaintiffs' discharge.

15. The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit D.

16. On or about July 10, 2017, Plaintiffs requested and reviewed their credit reports from Defendant Equifax, Experian and Trans Union.

17. Plaintiffs became aware that both Chase and M&T Bank were misreporting information on their credit reports.

18. Chase was reporting incorrectly to Defendant that the mortgage debt was discharged through Plaintiffs' Chapter 13 Bankruptcy rather than transferred and closed.

19. M&T Bank was reporting incorrectly to Defendant that the mortgage debt was discharged through Plaintiff's Chapter 13 Bankruptcy with no current payment history.

20. However, the mortgage debt was excepted from Plaintiffs' discharge.

21. The pertinent pages of Plaintiffs' incorrect Equifax credit reports are attached as Exhibit E.

22. On March 13, 2017, Plaintiffs sent letters with their bankruptcy information to Defendant disputing Chase and M&T Bank's incorrect reporting in accordance with 15 U.S.C. § 1681i.

23. Copies of Plaintiffs' dispute letters are attached as Exhibit F.

24. Equifax failed to send Automated Consumer Dispute Verifications ("ACDV's") to Chase and M&T Bank as required by 15 U.S.C. §1681i, failed to properly correct the reporting internally, and the incorrect reporting remains.

3

25. The pertinent pages of Plaintiffs' incorrect Equifax credit reports are attached as Exhibit G.

26. Defendant's failure to conduct a reasonable reinvestigation of Plaintiffs' accounts was a substantial factor causing Plaintiffs reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

27. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

## COUNT I
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

28. Plaintiffs repeat, reallege, and incorporates by reference each and every prior paragraph in this Complaint.

29. Plaintiffs are a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

30. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a (f).

31. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

32. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiffs for engaging in the following conduct:

    a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving

4

notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to Chase and M&T Bank, in violation of 15 U.S.C. §1681i(a);

c. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information to Chase and M&T Bank, in violation of 15 U.S.C. §1681i(a);

d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiffs; and

f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

33. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Equifax

Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Larry Eugene Westcott and Connie Jeanette Westcott respectfully request this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiffs' Equifax credit reports; and

f. For such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

    Respectfully submitted,

    /s/ Chelsea S. Springer
    Chelsea S. Springer #51089
    The Law Offices of Tracy L. Robinson, LC
    818 Grand Boulevard, Suite 505
    Kansas City, MO  64106
    Phone:  (816) 842-1317
    Fax:     (816) 842-0315
    chelseas@tlrlaw.com
    Attorney for Plaintiffs